IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHAN PALOZIE,

Petitioner,

v.

RANDY DAVIS, Warden, USP-Marion,

Respondent.                              Case No. 04-CV-218-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

## I. Introduction

This matter comes before the Court on a Report and Recommendation (the "Report") issued on February 17, 2006, by Magistrate Judge Philip M. Frazier pursuant to **28 U.S.C. § 636(b)(1)(B)**. (Doc. 43.) The Report recommends denial of Petitioner Jonathan Palozie's ("Petitioner") **28 U.S.C. § 2241** Petition for a writ of habeas corpus (Doc. 1). (*Id.*) Because Plaintiff timely objects (Docs. 45, 47, 51),[1] this Court undertakes de novo review of the Report. **28 U.S.C. § 636(b)(1)(B)**; **Fed. R. Civ. P. 72(b)**; ***Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **Fed. R. Civ. P. 72(b)**; ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**.

---

[1] Though Plaintiff's final objection (Doc. 51) was not timely filed, the Court construes it as such for the purposes of this Order.

## II. <u>Background</u>

Between 1992 and 1993, Petitioner had several encounters with the criminal-justice system.  On June 20, 1992, he committed a state-law violation at the Walker Reception Center in Middletown, Connecticut (the "Walker Center"), for which he was charged in Connecticut Superior Court. (Doc. 15, Ex. B.)  Roughly one month later, on July 18, 1992, he committed four additional state-law violations at the Walker Center. *Id.*  He was arrested on July 30, 1992 and remained in custody until October 15, 1992, when he was released on bond.  *Id.*  On December 13, 1992, Petitioner was again arrested by Connecticut officials based on a report that he pointed a shotgun at a motel patron.  *Id.*  He was in custody until December 21, 1992.  (Doc. 15, Ex. B.)  Petitioner then committed three more state-law violations, on January 13, 1993, November 22, 1993, and November 23, 1993, and has remained in custody since the latter date.  *Id.*

On June 28, 1994, Petitioner was indicted in the United States District Court for the District of Connecticut and charged with possession of a firearm by a felon (based on the December 13, 1992, shotgun incident). (Doc. 15,  Ex. C.) Then, on November 7, 1994, Petitioner was sentenced by the Connecticut Superior Court on five of his pending cases to concurrent sentences of four years for Case No. CR92-120707, one year for Case No. CR9-126627, and six months for Case Nos. CR9-126628, CR9-122923, and CR9-120360.  (Doc. 15, Ex. B.)  Connecticut authorities nolle prossed the reckless endangerment charge stemming from Petitioner's December 13, 1992 arrest at this time.

The following day, on November 8, 1994, Petitioner began serving his state sentences. (Doc. 15, Ex. B.)  He remained in Connecticut custody until the termination of his state sentences on January 9, 1998. *Id.*  In calculating the term for Petitioner's state sentences, Connecticut authorities awarded credit for various periods of times Petitioner was in state custody, including the periods from November 23, 1993 to November 7, 1994, and April 4th to November 7, 1994. *Id.* On January 10, 1998, custody was transferred to federal authorities. *Id.*

Once in federal custody, Petitioner was initially confined at the Medical Center for Federal Prisoners in Springfield, Missouri.  Then, on June 17, 1998, Petitioner appeared in the U.S. District Court for the District of Connecticut. *Id.* Following a jury trial, he was convicted of the firearms violation and sentenced to serve 180 months in federal prison. Thereafter, Petitioner commenced service of his federal sentence. *Id.*

### III.  Analysis

The issue now before the Court is whether Petitioner has received proper credit for his time served.  The Court finds that he has.  As **18 U.S.C. § 3585(b)** (emphasis added) provides,

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commencing — (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

Here, the Bureau of Prisons ("BOP") — which is responsible for determining the amount of credit prisoners are entitled to for time spent in custody, *see* **United States v. Wilson, 503 U.S. 329, 331-332, 334 (1992)** — correctly calculated the term of Petitioner's federal sentence by awarding credit for a total of 167 days of jail time.  Credit was properly awarded for the periods from December 13, 1992 to December 21, 1992, and January 10, 1998, to June 16, 1998.  *Id.*  Credit was not awarded for any other period prior to November 7, 1994 because that time was already credited towards service of Petitioner's state sentences. *Id.*

This decision comports with **18 U.S.C. § 3585(b)**.  Petitioner's objections, it should be noted, neither address these issues nor relate to the substance of the Report.  Instead, his objections focus on contesting the underlying convictions themselves.  His first objection, for example, repeatedly claims (without support or explanation as to why it might be relevant) that each fact and piece of evidence listed in the Report is "in absentia." (Doc. 45.)  His second objection similarly focuses on the propriety of his convictions themselves, not the time served. (Doc. 47.)  The third objection takes the same tack.  (Doc. 51.)  Nowhere does Petitioner identify a flaw or error in the BOP calculation.  Petitioner's attacks on the validity of his convictions are irrelevant to the subject of his Petition — his argument for a credit of additional time served.  (Doc. 1.)

### IV. Conclusion

Accordingly, the Court **ADOPTS** Judge Frazier's Report and **DENIES** the Petition for a writ of habeas corpus. (Doc. 1.) The above-styled action is hereby **DISMISSED**.

**IT IS SO ORDERED**

Signed this 5th of July, 2006.

/s/     David   RHerndon
**United States District Judge**